IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL GRESS,

    Plaintiff,                 No. 2:13-cv-0328 KJN P

    vs.

CHRISTOPHER SMITH, et al.,

    Defendants.           AMENDED ORDER[1]

_____/

    Plaintiff, a state prisoner housed at Mule Creek State Prison, is proceeding without counsel, and consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, based on the defendants' alleged deliberate indifference in treating, and delay in diagnosing, a baseball-sized brain tumor. Plaintiff seeks damages and injunctive relief.

    Upon review, the court finds it appropriate to refer this action to the Prisoner Settlement Program and set it for an early telephonic status/mediation conference before the undersigned on Thursday, August 22, 2013, at 9:00 a.m. A separate order and writ of habeas corpus ad testificandum is issued herewith to secure plaintiff's telephonic attendance at the conference.

---

[1] The previous order set this matter for August 23, but due to the press of court business, the court must advance the telephonic conference to Thursday, August 22, 2013.

Accordingly, IT IS HEREBY ORDERED as follows:

1. This case is set for an early telephonic status/mediation conference on Thursday, August 22, 2013, at 9:00 a.m., before the undersigned.

2. Defendants' lead counsel and a person with full authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[2][3]

3. Those in attendance must be prepared to discuss the claims, defenses, and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. The parties may provide confidential settlement conference statements, if appropriate, to the undersigned by U.S. mail or via email at kjnorders@cand.uscourts.gov, so that they arrive no later than August 16, 2013.

////
////
////
////
////

---

[2] Defendants have not yet been served or made appearances in this action. However, the Office of the Attorney General for the State of California has agreed to appear for the early status/mediation conference and engage in early, pre-service settlement negotiations.

[3] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval by Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., No. CV02-1886 PHX DGC, 2003 WL 23353478, at *3 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486.

5. The Clerk of the Court is directed to serve a copy of this order on Deputy Attorney General Kevin Reager, Office of the California Attorney General, 1300 I Street, Sacramento, CA 95814; and the Litigation Office at Mule Creek State Prison at fax number 209-274-5018.

DATED: August 5, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gress0328.ene2