UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRESS,<br><br>             Plaintiff,<br><br>      v.<br><br>DR. CHRISTOPHER SMITH, et al.,<br><br>             Defendants. | No.  2:13-cv-0328 TLN KJN P<br><br><br>FINDINGS & RECOMMENDATIONS |

I. Introduction

Plaintiff is a state prisoner, proceeding through counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On August 17, 2015, defendant Bruce Barnett filed a motion to dismiss on the grounds that plaintiff's claims are barred by the statute of limitations, and do not relate back to the original pleading, and that plaintiff has failed to state a cognizable civil rights claim. Plaintiff filed an opposition, and defendant filed a reply.  For the reasons set forth below, the undersigned recommends that defendant Barnett's motion be denied.

II. Legal Standard for Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89

(2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Reiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

III.  Factual Background

Plaintiff, proceeding pro se, filed his original complaint on February 20, 2013. Plaintiff named nurse Jacqueline Barnett as a defendant, in connection with a medical appointment on June 10, 2011, during which plaintiff explained his medical history, and Barnett told plaintiff he was not having seizures, but was having migraine headaches and cancelled the MRI, took plaintiff off his current medications, and ordered migraine medication instead. (ECF No. 1 at 26.)

////

On September 23, 2013, counsel was appointed to represent plaintiff. On December 23, 2013, counsel filed a first amended complaint ("FAC"), in which the prior allegations concerning nurse Jacqueline Barnett were included. (ECF No. 21 at 15.)

On May 8, 2014, the parties stipulated to the dismissal of defendant Jacqueline Barnett without prejudice. (ECF No. 37.)

In early June of 2014, the parties stipulated to allow plaintiff to file a second amended complaint ("SAC") changing defendant nurse Jacqueline Barnett to defendant Dr. Bruce Barnett (ECF No. 46), but defendants did not waive any potential defenses, specifically a statute of limitations defense. The court deemed the SAC filed on June 11, 2014 (ECF No. 51), and the SAC includes the following sole allegation as to Dr. Barnett:

> 101. On June 10, 2011, Plaintiff was seen by Defendant Bruce Barnett, M.D. regarding the previously scheduled MRI with contrast. Plaintiff did his best to explain his entire medical history. Defendant Barnett then said Plaintiff was not having seizures, but was having migraine headaches. Defendant Barnett cancelled the MRI with contrast, took Plaintiff off of his current medications and ordered medications for migraines.

(ECF No. 53-1 at 4.)

On November 7, 2014, the court noted that while defendant Barnett answered the amended complaint (ECF No. 33), defendant Barnett was not included in defendants' answer to the SAC (ECF No. 56). (ECF No. 64 at 1.)

On March 30, 2015, the court noted that the record did not reflect service of process on Dr. Barnett, found that the SAC states potentially cognizable claims for relief based on plaintiff's claims that defendant Dr. Barnett violated plaintiff's Eighth Amendment rights, and supplemental state law claims based on negligence and medical malpractice allegations,[1] and directed plaintiff to provide documents for service of process. (ECF No. 73.)

After submission of the appropriate documents, on June 9, 2015, the U.S. Marshal was directed to serve Dr. Barnett. On August 17, 2015, defendant Dr. Barnett filed the instant motion.

---

[1] Plaintiff states that he presented a claim to the California Victim Compensation and Government Claims Board on May 14, 2011, which was received on May 27, 2011, and assigned number G598544. (ECF No. 53 at 4.) The claim was rejected on August 18, 2011. (Id.)

IV. Statute of Limitations

Through discovery, on an unidentified date, plaintiff's counsel learned that it was Dr. Bruce Barnett who treated plaintiff on June 10, 2011, rather than nurse Jacqueline Barnett. Counsel states that Dr. Barnett treated plaintiff on multiple occasions, including after plaintiff filed the original complaint in February of 2013. (ECF No. 93 at 2.) The SAC alleges violation of the Eighth and Fourteenth Amendments, but also includes state law claims alleging negligence-medical malpractice. Although both parties agree that California law controls the limitations period inquiry, they disagree on the period the court should apply, as well as on whether any additional tolling applies.

    A. Eighth and Fourteenth Amendment Claims

California law determines the applicable statute of limitations in this § 1983 action. See Wilson v. Garcia, 471 U.S. 261, 105 S. Ct. 1938 (1985).[2] Until December 31, 2002, the applicable state limitations period was one year. See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citing Cal. Civ. Proc. Code § 340(3) (West Supp. 2002); see also Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004).[3] Effective January 1, 2003, the applicable California statute of limitations was extended to two years. See Jones, 393 F.3d at 927 (citing Cal. Civ. Proc. Code § 335.1). California law also tolls for two years the limitations period for inmates "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." Cal. Civ. Proc. Code § 352.1.[4]

////

---

[2] The four year federal "catch-all" limitations period provided in 28 U.S.C. § 1658(a) does not apply to civil rights claims. Thompson v. City of Shasta Lake, 314 F.Supp.2d 1017 (E.D. Cal. April 27, 2004).

[3] Federal law governs when plaintiff's § 1983 claims accrued and when the limitations period begins to run. Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998). Under federal law, "the claim generally accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" Id. (citations omitted).

[4] "The California courts have read out of the statute the qualification that the period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling." Jones, 393 F.3d at 927 n.5 (citations omitted).

Here, the § 1983 action against Dr. Barnett accrued on June 10, 2011, and plaintiff filed the SAC on June 11, 2014. Because the four year statute of limitations did not expire until June 10, 2015, plaintiff's Eighth and Fourteenth Amendment claims against Dr. Barnett are not time-barred.

In his reply, defendant argues, without legal authority, that § 352.1(a) does not apply to claims against public employees that are subject to the California Government Claims Act. (ECF No. 94 at 2.) Defendant concedes that federal courts typically allow for tolling under § 352.1(a), and further concedes that counsel was unable to identify any case law interpreting § 352.1(b) or its application to federal civil rights actions. (ECF No. 94 at 2.) Because defendant provides no legal authority, the court declines to address such argument.

### B. State Law Claims

#### i. Statute of Limitations Period

California limitations rules apply to plaintiff's state law claims. The limitations period begins to run once a patient knows, or by reasonable diligence should have known, that he has been harmed by professional negligence. Artal v. Allen, 111 Cal. App. 4th 273, 279 (2003). A patient has "presumptive knowledge" of injury "when the patient's reasonably founded suspicions have been aroused, and [he] has actually become alerted to the necessity for investigation and pursuit of [his] remedies." Id. (internal quotation marks omitted). California Code of Civil Procedure § 340.5 provides:

> In an action for injury or death against a health care provider based upon such person's alleged professional negligence, shall commence three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person.

Cal. Civ. Proc. Code § 340.5.

However, a few tolling principles extend the one-or-three-year period of § 340.5 in this case. Revis v. Syerson, 2014 WL 637014, *3 (E.D. Cal. Feb. 18, 2014). First, Code of Civil

Procedure § 352.1 tolls the limitations period for two years for prison inmates. Jones, 393 F.3d at 927 n.5. Second, the limitations period is tolled while the prisoner completes the mandatory exhaustion process. Brown v. Valoff, 422 F.3d 926. 942-43 (9th Cir. 2004); see Wright v. State, 122 Cal. App. 4th 659, 670-71 (2004) (the period of administrative exhaustion tolled "the six-month time limit for filing a court action after the Board of Control rejects a government tort claim.") Finally, state law also governs the application of equitable tolling,[5] which the parties did not address. But "California's fact-intensive test for equitable tolling is more appropriately applied at the summary judgment or trial stage of litigation." Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993).

Here, as noted above, the action against Dr. Barnett accrued on June 10, 2011, and plaintiff filed the SAC on June 11, 2014. Defendants argue that the limitations period for these state law claims expired on June 10, 2012. However, a prisoner's time to sue a health care provider is extended during incarceration up to the maximum of three years from the time of injury. Belton v. Bowers Ambulance Service, 20 Cal. 4th 928, 930 (1999) (California Code of Civil Procedure § 352.1 extends the time which a prisoner has to file a medical malpractice suit under Code of Civil Procedure § 340.5 to the three-year maximum). Thus, the limitations period for plaintiff's June 10, 2011 state law claim against Dr. Barnett ran on June 10, 2014. Absent additional tolling, plaintiff's SAC was filed one day too late.

It appears that plaintiff may be entitled to additional tolling based on the time required to exhaust administrative remedies before he is allowed to file a court action. See Wright, 122 Cal.

---

[5] Whether an inmate is entitled to equitable tolling is decided by state law except to the extent that it is inconsistent with federal law. Jones, 393 F.3d at 927. Equitable tolling under California law "'operates independently of the literal wording of the Code of Civil Procedure' to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Lantzy v. Centex Homes, 31 Cal. 4th 363, 2 Cal. Rptr. 3d 655, 660 (2003) (citation and internal quotation marks omitted). The purpose of California's equitable tolling doctrine "is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1137 (9th Cir. 2001) (en banc) (quoting Addison v. State, 21 Cal. 3d 313, 146 Cal. Rptr. 224, 225 (1978)) (internal quotation marks omitted). Thus California courts apply equitable tolling "to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice." Lantzy, 2 Cal. Rptr. 3d at 660. Application of California's equitable tolling doctrine "requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the . . . limitations statute." Id. at 660 (quoting Addison, 146 Cal. Rptr. at 228) (internal quotation marks omitted) (omission in original).

App. 4th at 671. Given that the SAC was filed only one day beyond the limitations period, the initial filing of his administrative appeal would provide him sufficient tolling. However, neither party addressed tolling based on exhaustion of administrative remedies, and resolution of such question would require consideration of matters outside the SAC. Moreover, based on the arguments provided by plaintiff under the guise of "equitable estoppel," it appears that plaintiff may be able to adduce evidence demonstrating that he is entitled to equitable tolling based on plaintiff's pro se reliance on prison staff's failure to provide timely or accurate responses to his multiple inquiries concerning the identity of defendant Dr. Barnett. But on a motion to dismiss, the court is confined to review the allegations of the SAC.

Thus, while it remains possible that plaintiff's state tort claims have been brought outside the limitations period, it is also possible that such claims are timely. Therefore, the court cannot find that plaintiff's state law claims are barred or that he would not be entitled to some kind of tolling for this one day period. Such determination would likely require consideration of materials outside the pleadings. Accordingly, the claims should not be dismissed as untimely at this stage of the proceedings, and defendant's motion to dismiss should be denied without prejudice.

    ii.  State Tort Claim Requirement

In his reply, Dr. Barnett notes that he was a public employee and plaintiff was therefore required to timely submit a government claim regarding Dr. Barnett's alleged wrongful conduct. (ECF No. 94 at 2.)

California's Government Claims Act[6] requires that tort claims brought against a public entity or its employees under state law be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950, 950.2 (West 2011). Presentation of a written claim and action on or rejection of the claim are conditions precedent to suit. Shirk v. Vista Unified Sch.

---

[6] This Act was formerly known as the California Tort Claims Act. City of Stockton v. Superior Court, 42 Cal. 4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

Dist., 42 Cal. 4th 201, 208-09 (2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal. 4th 1234, 1239, 13 Cal. Rptr. 3d 534 (2004).  To state a tort claim against a public employee, plaintiff must allege compliance with the Government Claims Act and if he failed to comply, he may not bring any state law tort claims in this action, regardless of the merits of those claims.  Shirk, 42 Cal. 4th at 209; Bodde, 32 Cal. 4th at 1239.

"The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity."  Munoz v. California, 33 Cal. App. 4th 1767, 1776 (1995).  The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation."  City of San Jose v. Superior Court, 12 Cal. 3d 447, 455 (1974) (citations omitted).  Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official.  Bodde, 32 Cal. 4th at 1244.  Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action."  Id. at 1239 (fn. omitted).  "As will appear, however, occasionally and in special situations, the foregoing statutory procedure does not preclude application of the equitable tolling doctrine, the purpose of which is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court."  Addison v. State, 21 Cal.3d 313, 319 (1978) ("the equitable tolling doctrine fosters the policy of the law of this state which favors avoiding forfeitures and allowing good faith litigants their day in court.")

In the SAC, plaintiff states that he presented a claim to the California Victim Compensation and Government Claims Board on May 14, 2011, which was received on May 27, 2011, and assigned number G598544.  (ECF No. 53 at 4.)  The claim was rejected on August 18, 2011. (Id.)  Pleading compliance with the claim presentation requirement is sufficient to withstand a motion to dismiss.  Here, plaintiff was not required to, and did not, provide a copy of his tort claim with his pleading, and defendant did not move to dismiss Dr. Barnett's claim on the

////

ground that he failed to comply with this requirement. Thus, to the extent Dr. Barnett argues that plaintiff failed to file a timely tort claim, such claim is not properly at issue here.

      C. <u>Relation Back</u>

Because the undersigned did not find plaintiff's claims untimely, the court need not address the issue of whether such claims relate back to the prior pleading.

V. <u>Failure to State a Claim</u>

Defendant Barnett argues that plaintiff's allegations fail to demonstrate that Dr. Barnett acted with a sufficiently culpable state of mind sufficient to rise to the level of deliberate indifference. Defendant contends that the allegations show that Dr. Barnett attempted to diagnose plaintiff's condition and prescribe appropriate medications, supporting only a negligence cause of action. Plaintiff counters that the court previously found that plaintiff's allegations stated a claim against Jacqueline Barnett, and thus the SAC, raising the same allegations, states a claim against Dr. Barnett.

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. <u>Jett</u>, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay, or intentional interference with medical treatment, or by the way in which medical care is provided. <u>Hutchinson v. United States</u>, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." <u>Id.</u> at 847. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. <u>Ortiz v. City of Imperial</u>, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam). A failure to

1 competently treat a serious medical condition, even if some treatment is prescribed, may
2 constitute deliberate indifference in a particular case. Id.

3     Here, taking plaintiff's allegations as true, plaintiff has myriad serious health issues,
4 beginning with a long undiagnosed brain tumor, extreme pain following brain surgery, pus
5 draining and tissue protruding from an excision site, vision problems, dizziness, shakes, tremors,
6 and seizures. An MRI was performed on May 6, 2011, but was not done with contrast. On May
7 10, 2011, Dr. Tseng reordered the MRI, this time with contrast, and requested a follow-up in
8 thirty days. On June 10, 2011, plaintiff was seen by Dr. Barnett regarding the previously
9 scheduled MRI with contrast. But rather than perform the MRI with contrast, Dr. Barnett claimed
10 plaintiff "was not having seizures, but was having migraine headaches." Despite plaintiff's
11 efforts to explain his medical history, which is obviously very complex, Dr. Barnett cancelled the
12 MRI with contrast, took plaintiff off his current medications, and ordered medications for
13 migraines. Thus, taking plaintiff's allegations as true, the undersigned does not find that Dr.
14 Barnett's actions were merely a difference of opinion, misdiagnosis, or negligence. Perhaps if
15 Dr. Barnett had simply diagnosed plaintiff as having migraines and prescribed migraine
16 medications without cancelling the MRI or plaintiff's other medications, such allegations would
17 only rise to negligence. But here, Dr. Barnett arguably interfered with plaintiff's medical
18 treatment, by taking him off his ongoing prescriptions and cancelling the MRI with contrast. On
19 June 13, 2011, Dr. Rudas reinstated the previous orders, suggesting that Dr. Barnett was
20 deliberately indifferent by cancelling the prior treatment orders, which is further supported by the
21 results of the June 17, 2011 MRI with contrast, revealing several nodules inside plaintiff's brain,
22 as well as further tests demonstrating that plaintiff did, in fact, suffer from seizures.

23     Dr. Barnett may be able to adduce evidence, either at summary judgment or at trial, that
24 he was not deliberately indifferent to plaintiff's serious medical needs. But the undersigned finds
25 that at this stage of the pleadings plaintiff has alleged sufficient facts to state a claim for
26 deliberate indifference to plaintiff's serious medical needs as to Dr. Barnett.

27 ////
28 ////

VI. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that defendant Barnett's motion to dismiss be denied without prejudice as to defendant's motion that plaintiff's state law negligence claims against Dr. Barnett are barred by the statute of limitations, and with prejudice as to defendant's other grounds for dismissal at this stage of the pleadings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 26, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/gres0328.mtd

11