UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRESS, | No. 2:13-cv-0328 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| DR. CHRISTOPHER SMITH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding through counsel. Pending before this court is plaintiff's motion to compel discovery and defendants' request for sanctions. The court has determined that the matter shall be submitted upon the record and briefs on file and accordingly, the date for hearing of this matter is vacated. Local Rule 230. Upon review of the parties' joint statement, and good cause appearing therefor, THE COURT FINDS AND ORDERS AS FOLLOWS:

It appears that the parties have agreed to a date and time for the deposition of Dr. Barnett; therefore, plaintiff's motion to compel the deposition is deemed withdrawn. The court appreciates the parties cooperation in this regard.

The court turns now to the request for sanctions. First, whether or not plaintiff's counsel had ever prepared a joint statement under Local Rule 251, the court is extremely troubled by plaintiff's counsel's actions in making changes to a joint statement after opposing counsel had

1

signed the statement. However, the court is also troubled by defendants' counsel's apparently cavalier attitude about who has the burden to prepare the statement, the import of his own stipulation to have Dr. Barnett deposed regardless of the scheduling order, and not being available to meet and confer. Second, the court is concerned about both counsel's misapprehension of the meet and confer process contemplated under Local Rule 251. Such process does not involve a mere insertion of each party's position. Rather, both parties are required to meet and confer, in good faith, in an effort to resolve discovery disputes prior to seeking court intervention – and hopefully before the parties ever spend time drafting a joint statement, with continuing discussions thereafter to attempt to resolve or narrow the dispute. While the court is not adverse to ordering sanctions against a single party, the court also will not hesitate to sanction both parties when the parties have not appropriately met and conferred.

After review of the revised joint statement, the court declines to order sanctions against plaintiff.

Accordingly, IT IS HEREBY ORDERED that:

1. The June 16, 2016 hearing on plaintiff's motion to compel is vacated;

2. Plaintiff's motion to compel (ECF No. 99) is deemed withdrawn;

3. Defendants' request for sanctions is denied.

Dated: June 10, 2016

/gres0328.mtc

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE