1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL GRESS,                          No.  2:13-cv-0328 TLN KJN P

12              Plaintiff,

13         v.                                ORDER

14   DR. CHRISTOPHER SMITH, et al.,

15              Defendants.

16

17         Plaintiff is a state prisoner, proceeding through counsel.  Defendants filed a motion to

18   modify the scheduling order to allow them to postpone the filing of dispositive motions on behalf

19   of the remaining defendants.  The doctor defendants filed timely motions for summary judgment

20   on May 20, 2016.  Briefing on the pending dispositive motions was stayed pending further order

21   of the court.  (ECF No. 110.)  Pursuant to the parties' joint stipulation, Dr. Barnett's deposition

22   was scheduled for June 22, 2016.  (ECF No. 113 at 5.)  As discussed below, defendants' motion is

23   partially granted.

24         In their motion, defendants contend that because the 12 individual defendants are

25   "differently situated with regard to the deliberate indifference claims alleged against them, they

26   will all likely have to file separate motions for summary judgment."  (ECF No. 100 at 1.)

27   Defendants contend that there are common issues that relate to plaintiff's claims of supervisory

28   liability and medical malpractice that are common to most, if not all, of the defendants, such that

1

1   a ruling from the court on the legal issues presented would greatly decrease the time and

2   resources needed to resolve the remaining issues.  Defendants argue that if the court were to rule

3   as a matter of law that plaintiff either did or did not comply with the California Government

4   Claims Act, such ruling would be binding on all other parties.  Defendants claim that the

5   remaining defendants, Dr. Nale, Dr. Heatley, Physician Assistants Todd and Akintola, and nurses

6   Moreno, Kettlehake and Villanueva, "had little to no participation in plaintiff's care and

7   treatment," and propose that these defendants file dispositive motions, if necessary, within sixty

8   days of the ruling on the pending motions for summary judgment. (ECF No. 100 at 2.)

9       Plaintiff opposes the motion, arguing that defendants failed to show good cause for a

10   further extension of time, and contend that the requested relief will cause unnecessary delay and

11   undue hardship on plaintiff and his counsel.  Plaintiff contends that defendants fail to demonstrate

12   diligence in meeting the May 20, 2016 deadline, despite a prior extension of time having been

13   granted.  In that August 17, 2015 stipulation for extension, plaintiff argues that defense counsel

14   stated:

> [r]ather than piecemeal potential summary judgment motions from 13 different Defendants, in [an] effort to streamline the process and the interests of judicial economy, the parties propose to amend the schedule to allow Dr. Barnett to appear and if appropriate, be deposed after his motion to dismiss is heard. For these reasons, the parties hereby stipulate to extending the pending law and motion filing cut-off to 60 days after Dr. Barnett's anticipated motion to dismiss is ruled upon.

20   (ECF No. 90 at 2.)  Plaintiff contends that defendants fail to demonstrate how their proposed

21   modification would be in the interest of judicial economy or an efficient use of the court's

22   resources, and the reasoning appears to conflict with defense counsel's reason for seeking the

23   August 2015 extension.  Plaintiff argues that defendants also failed to comply with Local Rule

24   260 in connection with the pending motions for summary judgment because the motions fail to

25   cite their statement of undisputed facts but rather cite defendants' declarations.

26       Further, plaintiff contends that defendants failed to provide facts or analysis to support

27   their decision to choose five "primary" defendants to first file their dispositive motions.  Plaintiff

28   argues that allowing defendants to file another round of dispositive motions would require

additional meetings with plaintiff at Mule Creek State Prison, which no longer allows telephonic meetings with counsel.

In reply, defendants argue that under Rule 1 of the Federal Rules of Civil Procedure, the court has the inherent power to *sua sponte* modify the case scheduling order.  (ECF No. 115 at 1-2.)  Defense counsel now states that he "does not assert that 7 separate motions will be required," but that "it may well be that they can all be combined into a single motion."  (ECF No. 115 at 2.) Defendants argue that the pleading contains "very specific allegations against each defendant that appear to be several distinct lawsuits combined into a single action such that none of the defendants can be grouped together based upon any common incident or occurrence."  (Id.)  For example, defendants compare the allegations against defendants nurse Moreno and physician's assistant Atkintola, noting that their involvement with plaintiff occurred 5 years apart, when plaintiff was experiencing different symptoms for different medical problems, and because each defendant has a different medical specialty, the professional standards of care are also different. Defendants contend that there is no common link or relationship between defendants Moreno and Atkintola.  (ECF No. 115 at 2.)

Defendants argue that four of the five doctors who filed dispositive motions were primary care physicians or treating doctors who saw plaintiff and were most likely to have been in a position to detect his meningioma or subsequent treatment issues.  Defendants contend that defendant Dr. Smith never treated or saw plaintiff, but was largely sued because of his job as Chief Physician and Surgeon; thus, Dr. Smith's motion is primarily aimed at defeating the allegation of supervisory liability, which was alleged against 13 defendants, including nurses, physician's assistants and others who defendants argue are plainly not supervisors and had no control over plaintiff's treating physicians and specialists.

Defendants contend that by handling the dispositive motions in two waves, the decisions on the first wave of dispositive motions will impact and significantly shorten the dispositive motions to be filed against the remaining defendants, whether or not the motions are granted or denied.  In addition, defendants contend that such rulings should result in further dismissals

////

3

1    without additional motion practice.  Finally, defendants contend that the ruling on the timeliness

2    of the state medical malpractice claim will obviate the need to include it in subsequent motions.

3         Thus, defendants argue that judicial economy is served by modifying the scheduling order

4    to allow for two waves of dispositive motions; the court and the parties should not be forced into

5    a lengthy trial on issues that could be resolved on summary judgment.  (ECF No. 115 at 3.)

6         Further, defendants contend that good cause supports their request.  Defendants point out

7    that even prior to the screening of the complaint, the office of the Attorney General assisted the

8    court by trying to narrow down the number of defendants, issues, and claims.  Defense counsel

9    worked with plaintiff to get him a free copy of his pertinent medical records; 16 of the original 27

10   defendants have been dismissed.  Defendants note that several of the defendants have been

11   deposed and made it clear that they performed medical services within the standard of care and

12   were not deliberately indifferent to plaintiff's medical needs.  Defendants state that plaintiff

13   deposed Dr. Rudas, a non-party physician with a background in neurology and who has been

14   treating plaintiff since his meningioma was diagnosed and removed.  Dr. Rudas testified that

15   "there was no way a nurse, physician's assistant or similar person could have possibly been

16   expected to diagnose [plaintiff's] condition."  (ECF No. 115 at 4.)  Dr. Rudas further testified

17   "that none of the doctors involved failed to perform up to the standard of care and their failure to

18   diagnose [plaintiff's] condition sooner was the result of the rarity of his condition and the vague

19   symptoms that he was experiencing."  (Id.)  Defendants wrote to plaintiff's counsel on April 26,

20   2016, and asked them to dismiss the majority of the defendants, save for Dr. Tseng and Dr.

21   Naseer, in order to avoid the expenditure of substantial time and resources, but it resulted in the

22   dismissal of only Dr. Heffner and Dr. Fong.  (ECF No. 115 at 5.)  Defendants maintain that other

23   than Dr. Tseng and Dr. Naseer, the remaining defendants had little or no involvement in treating

24   plaintiff.  (Id.)  Thus, defendants contend good cause exists to modify the scheduling order.

25        "The district court is given broad discretion in supervising the pretrial phase of litigation."

26   Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal

27   quotation marks omitted).  Rule 16(b) provides that "[a] schedule may be modified only for good

28   cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified

4

'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"
Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting
Johnson, 975 F.2d at 607).

First, the court wants to thank counsel for plaintiff and defendants for their hard work on this complicated medical case. The initial pleading included 32 pages of allegations against 27 individual defendants and 100 Doe defendants, asserting deliberate indifference and medical malpractice claims from 2005 to 2012. Through the efforts of both sides, we are now addressing only 12 remaining defendants. Although the pleading addresses medical care provided over a long period of time, for the sake of continuity it is beneficial to address plaintiff's claims in one case inasmuch as they pertain to his medical treatment related to his meningioma.

Second, while defendants' request is unusual, it is not unprecedented for a court to be asked to resolve legal issues that may minimize claims that proceed to trial. That said, had defense counsel filed a motion for permission to bifurcate the filing of dispositive motions before simply filing five motions on the deadline and seeking leave to file seven more, the court may have held a status conference so that everyone could discuss the best way in which to handle these issues. By filing the request and five motions for summary judgment on the dispositive motions deadline, defendants attempt to dictate how this case proceeds.[1]

Third, this case, filed February 20, 2013, is no longer in its early stages; the scheduling order has been modified twice before. (ECF Nos. 67, 91.) Thus, plaintiff is entitled to get this case moving toward trial. On the other hand, if plaintiff cannot adduce evidence to support a claim against a defendant, such claim should not proceed to trial.

Fourth, plaintiff did not dispute defendants' characterization of the operative pleading as including allegations that are unrelated and spanning a long period of time.

Fifth, it appears that Dr. Barnett was not deposed until June 22, 2016.

After review of the record, and considering the arguments of the parties, the court finds that defendants' motion to modify the scheduling order is partially granted. Because the

---

[1] In the reply, defendants did offer to file a single motion, if the court so prefers. (ECF No. 115 at 5.)

1  remaining defendants are not similarly-situated to the doctor defendants whose motions are

2  pending, it is not clear at this time that a ruling on the doctors' motions will obviate further

3  motion practice as to the remaining defendants, at least in connection with plaintiff's

4  supervisorial liability claims.  On the other hand, it will not spare anyone to have defense counsel

5  combine the pending 224 page motions into an even larger motion that also addresses the

6  remaining defendants' dispositive motions.  At bottom, this is a complex medical case with

7  multiple claims and defendants, and there is no avoiding an evaluation of the allegations as to

8  each defendant on summary judgment.

9          Therefore, defendants' five pending motions for summary judgment are denied without

10  prejudice to re-noticing such motions at the same time the remaining defendants file one motion

11  for summary judgment.  The five doctor defendants need not re-file their pending motions for

12  summary judgment; the notice may simply refer to the prior five motions.

13          Plaintiff is given the option to file one opposition to the six motions or, in the alternative,

14  plaintiff may file six separate oppositions.  Defendants' reply shall be filed twenty-one days after

15  the opposition.

16          In filing the remaining defendants' motion for summary judgment, defendants may simply

17  refer the parties to prior statements of law, or earlier undisputed statements of fact, or previously

18  submitted exhibits.  Plaintiff is welcome to do the same, particularly if filing multiple oppositions.

19  However, the parties are cautioned that such reference must be abundantly clear, referring to the

20  court's electronic court filing docket number and page number, so that all parties and the court

21  can easily locate the document referenced.[2]

22          Accordingly, IT IS HEREBY ORDERED that:

23          1.  Defendants' motion to modify the scheduling order (ECF No. 100) is partially granted;

24          2.  Defendants' five pending motions for summary judgment (ECF Nos. 103-107) are

25  denied without prejudice to their re-noticing, as set forth above;

---

[2]  To be clear, the court suggests and encourages doing this to minimize the killing of trees and assist in the resolution of the motions, but in relying upon such incorporation by reference, a clear citation, perhaps to "ECF No. X at X," is required.  The parties may not simply state the document was previously submitted or referred to in a prior motion.

1     3.  Within thirty days from the date of this order, defendants may file one motion for

2  summary judgment as to the remaining defendants;

3     4.  Within thirty days from the filing of such motion, plaintiff shall file an opposition, as

4  set forth above; and

5     5.  Twenty-one days thereafter, defendants may file a reply.

6  Dated:  July 15, 2016

7

8                                KENDALL J. NEWMAN

9  /gres0328.mod                   UNITED STATES MAGISTRATE JUDGE

7