1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL GRESS,                          No. 2:13-cv-00328-TLN-KJN

12              Plaintiff,

13        v.                                 **ORDER**

14   DR. CHRISTOPHER SMITH, et al.,

15              Defendants.

16

17        This matter is before the Court pursuant to Plaintiff Michael Gress's ("Plaintiff")

18   "Request for Reconsideration by the District Court of Magistrate Judge's Ruling." (ECF No.

19   155.) Defendants oppose Plaintiff's request. (ECF No. 158.) Plaintiff has filed a reply. (ECF

20   No. 160.) The Court has carefully considered the arguments raised by the parties. For the

21   reasons set forth below, Plaintiff's request is GRANTED in part and DENIED in part.

22        **I.      INTRODUCTION**

23        Plaintiff's request presents the Court with three questions. First: did the magistrate judge

24   exceed his authority under the Federal Magistrates Act, 28 U.S.C. §§ 631–639, by dismissing

25   Defendants' motions for summary judgment without prejudice? This is a straightforward issue of

26   statutory interpretation. For the reasons set forth below, the Court concludes that the answer is

27   "yes." Second: what happens next, given the complex factual and procedural circumstances of

28   this case? Third: should "this matter be referred to the Assigned District Judge moving forward,"

                                              1

as Plaintiff's counsel requests?  (ECF No. 155 at 9.)

## II.    FACTUAL AND PROCEDURAL BACKGROUND

       This is a factually complicated case arising from the medical treatment for Plaintiff's meningioma.  (ECF No. 116 at 5.)  Plaintiff is a state prisoner, represented by pro bono counsel, pursuing "claims for deliberate indifference and medical malpractice[.]"  (ECF No. 155 at 2.)  Plaintiff's factual allegations span a period from 2005 to 2012 and twelve individual Defendants remain in the case.  (ECF No. 116 at 5.)

       Plaintiff seeks reconsideration of two orders which the magistrate judge issued *sua sponte*.  The first order, filed March 16, 2017, purported to dismiss Defendants' pending motions for summary judgment (ECF No. 117–122) without prejudice.  (ECF No. 152.)  The second order, filed March 23, 2017, purported to allow Defendants to file a single, amended motion for summary judgment or re-notice their previously filed motions for summary judgment.  (ECF No. 154.)

       In order to resolve Plaintiff's request for reconsideration, the lead up to these orders must be put in context.  The operative date of the six summary judgment motions at issue was August 15, 2016.[1]  On November 14, 2016, Plaintiff timely filed an opposition and evidentiary objections to the motions.  (ECF Nos. 130–38.)  The opposition relies in part on the declaration of Dr. Howard Slyter (ECF No. 132-1.)  On December 6, 2016, Defendants filed a request for an extension of time "to depose Dr. Slyter and prepare an appropriate reply."  (ECF No. 139 at 2.)  On December 12, 2016, the magistrate judge found that Defendants were entitled to depose Dr. Slyter, but that given the holidays, it would be unreasonable to expect Dr. Slyter to be available for deposition prior to December 30, 2016.  (ECF No. 141 at 2.)  The magistrate judge ordered that "Dr. Slyter [be made] available for deposition on or before January 18, 2017" and that "Defendants shall file their reply to the opposition to the pending motions on or before February 15, 2017."  (ECF No. 141 at 2.)  Plaintiff asked the magistrate judge to reconsider this order (ECF No. 142), but this request was denied (ECF No. 143).  On December 15, 2016, the case was also

---

[1]     One of the motions was initially filed on May 19, 2016.  (ECF No 103.)  Four more were initially filed on May 20, 2016.  (ECF Nos. 104–07.)  These five motions were re-noticed on August 15, 2016.  (ECF Nos. 118–22.)  The sixth was initially filed on August 15, 2016.  (ECF No. 117.)

set for a mandatory settlement conference and the deadlines set in the December 12, 2016, order were vacated.  (ECF No. 143 at 2.)  On January 9, 2017, the settlement conference was continued to March 20, 2017, in light of defense counsel's unexpected medical leave.  (ECF No. 147.)

III.  **ANALYSIS**

A.    Scope of Authority under the Federal Magistrates Act

"The Federal Magistrates Act . . . governs the jurisdiction and authority of federal magistrates."  *United States v. Reyna–Tapia*, 328 F.3d 1114, 1118 (9th Cir. 2003) (en banc).  "The authority of magistrate judges is a question of law subject to *de novo* review."  *Mitchell v. Valenzuela*, 791 F.3d 1166, 1168 (9th Cir. 2015) (internal quotation marks omitted).  The Federal Magistrate Act "provides that certain matters . . . may be referred to a magistrate judge for decision, while certain other matters . . . may be referred only for evidentiary hearing, proposed findings, and recommendations."  *Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015).  The "textual basis" for distinguishing between these two categories is found in 28 U.S.C. § 636(b)(1).  *Id*.  In relevant part, "Section 636(b)(1)(A) states that a magistrate judge may '*hear and determine* any pretrial matter pending before the court *except a motion* for injunctive relief, for judgment on the pleadings, *for summary judgment*, to dismiss or quash an indictment or information made by the Defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.'"  *Id*. (emphasis added).  Consequently, the question is whether the magistrate judge has "determined" the motions for summary judgment.  *See Dollar v. Gutierrez*, 111 F. Supp. 3d 1114, 1119 n.1 (D. Nev. 2015).

The Court concludes the magistrate judge determined Defendants' motions for summary judgment when he dismissed them without prejudice.  In doing so, the Court found the district court's opinion in *Dollar* persuasive.  There the district court concluded "[a]n order denying a motion to dismiss or granting it with leave to amend is a determination of the motion."  *Id*.  The challenged orders (ECF Nos. 152, 154) terminated the Defendants' pending motions for summary judgment (ECF Nos. 117–122).  The Court simply cannot say these motions have not been "determined."  *See Ex parte Colao*, 10 F. Supp. 608, 608 (S.D.N.Y. 1934) ("The word

'determine,' in its legal use, means: 'To come to an end. To bring to an end.') (citing 2 Black.Com. 121).

The Court notes that it located another district court opinion within the Ninth Circuit that concluded a magistrate judge does not exceed his authority by denying one of the motions listed in § 636(b)(1)(A) without prejudice. *Florence v. Stanback*, 607 F. Supp. 2d 1119, 1120–21 (C.D. Cal. 2009). It did so because it concluded the order at issue was not a "dispositive order, as it did not dispose of any claim or defense." *Id*. at 1121. The Court will briefly explain why this is not the test for motions listed in § 636(b)(1)(A) and identify the source of the confusion as it has infected the briefing in the instant case. (*Compare* ECF No. 158 at 2 (arguing the magistrate judge did not exceed his authority because "the subject orders do not constitute a ruling on the merits of the motions for summary judgment" and were not "dispositive of a claim or defense") *with* ECF No. 160 at 2 (arguing that the orders were dispositive because the magistrate judge "dismiss[ed] Defendants' motions for summary judgment [a]fter the [dispositive motion] filing deadline").)

The source of the confusion is the Ninth Circuit's "functional approach" test for matters not specifically listed in § 636(b)(1)(A) and the use of the word "dispositive" to categorize the matters a magistrate judge may not hear and determine irrespective of whether they are listed in § 636(b)(1)(A). Ninth Circuit precedent has made clear that "the eight exceptions [listed in § 636(b)(1)(A)] are not an exhaustive list of all the pretrial matters that are excepted from the magistrate judge's authority." *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1067 (9th Cir. 2004). Consequently, under Ninth Circuit precedent, so-called "[d]ispositive matters are those listed in section 636(b)(1)(A), as well as 'analogous' matters." *Mitchell*, 791 F.3d at 1168. The Ninth Circuit employs a "functional approach" to determine what additional matters not listed in § 636(b)(1)(A) are also excepted from the magistrate judge's authority. *Flam*, 788 F.3d at 1046. Under that approach, the district court "looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party." *Mitchell*, 791 F.3d at 1168. In short, the functional approach operates like a ratchet. It only excludes from the magistrate judge's authority matters not specifically identified in §

4

636(b)(1)(A).  That is to say the "functional approach" test is only applied to matters not specifically listed in § 636(b)(1)(A).  As the Ninth Circuit explained in *Flam*, "[t]he matters listed in 28 U.S.C. § 636(b)(1)(A) are dispositive while, *in general*, other matters are non-dispositive."  *Flam*, 788 F.3d at 1046 (emphasis retained).

For the foregoing reasons, the Court concludes the magistrate judge determined the motions for summary judgment (ECF No. 117–122), and in doing so exceeded his authority under the Federal Magistrates Act.  Consequently, the challenged orders (ECF Nos. 152, 154) are void and without effect.

B.  Status of the Challenged Orders and the Motions for Summary Judgment

Having determined that the magistrate judge exceeded his authority, the Court now considers the appropriate relief given the complicated circumstances of this case.  Plaintiff has proposed a series of solutions, including that "Defendants be allowed a short, reasonable time such as 7 days to file their reply brief to Plaintiff's opposition" to the motions for summary judgment purportedly dismissed by the magistrate judge's March 17, 2017 order.  (ECF No. 155 at 8.)  For the reasons set forth below, the Court finds this solution appropriate.

The Court "possesses broad discretion to manage its own docket, which includes the inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"  *All. for the Wild Rockies v. Marten*, 200 F. Supp. 3d 1129, 1130 (D. Mont. 2016) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).  Likewise, "[a] district judge is given broad discretion in supervising the pre-trial phase of litigation, with a view toward sifting the issues in order that the suit will go to trial only on questions involving honest disputes of fact or law."  *Fed. Deposit Ins. Corp. v. Glickman*, 450 F.2d 416, 419 (9th Cir. 1971).  Moreover, the Ninth Circuit has made clear "that district courts have discretion to permit successive motions for summary judgment."  *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010).

With this in mind, the Court concludes that it would not be appropriate in the circumstances *currently* confronting the Court to adopt or ratify the substance of the two challenged orders insofar as they authorize Defendants to file an amended motion for summary

5

judgment.  The primary reason for this is that Defendants have not deposed Dr. Slyter.  This reason is particularly compelling when one recalls the substance of their December 6, 2016, request for an extension of time.  This request was for "an extension of time up to January 31, 2017, *to depose Dr. Slyter and prepare an appropriate reply to Plaintiff's opposition*."  (ECF No. 139 at 1 (emphasis added.)  In addition to the supposed need to depose Dr. Slyter and investigate his background and qualifications, two additional reasons were given for the extension: First, the length of Plaintiff's opposition and accompanying submissions.  (ECF No. 139 at 1.)  Second, the unavailability of some of Defendants "over the Thanksgiving holiday and defense counsel . . . because of depositions and work being performed on other cases."  (ECF No. 139 at 1–2.)

The Court is not inclined to order greater relief to Defendants *sua sponte* than they initially requested, particularly given that they have not deposed Dr. Slyter.  The five months that passed since their initial request should have ameliorated the two additional reasons they gave for an extension.  Nothing in Defendants' rather terse defense of the basis for the challenged orders persuades the Court that additional relief is appropriate.  Defendants simply state these "orders indicate that the motions for summary judgment were dismissed subject to the deposition of Plaintiff's expert, Dr. Slyter, the settlement conference, and other circumstances."  (ECF No. 158 at 2–3.)  Therefore, Defendants suggest "[t]he orders effectively constitute requests for further briefing as to the opinions of the medical experts retained by the parties."  (ECF No. 158 at 3.)  The Court disagrees that the challenged orders can bear such a construction.  In any event, the Court can *actually* order additional briefing, if necessary, once Defendants' reply is filed.

For the reasons set forth above, the Court orders Defendants to file their reply to Plaintiff's opposition (ECF No. 130) within 7 days from the date this Order is filed.

C.  Plaintiff's Counsel Request to Proceed before the District Court Judge

Finally, the Court will now address "Plaintiff's counsel['s] request[] that this matter be referred to the Assigned District Judge moving forward."  (ECF No. 155 at 9.)  This request is made "[p]ursuant to Local Rule 302(c)(21)."  (ECF No. 155 at 9.)  The Court will treat this request as a request that the undersigned retain this matter pursuant to Local Rule 302(d).

Local Rule 302(c) lists the "Duties to Be Performed in Civil Matters by a Magistrate

6

Judge Pursuant to 28 U.S.C. § 636(a), (b)(1)(A), (b)(1)(B), (b)(3), or Other Law." Local Rule 302(c)(17) provides that these duties include "[a]ctions brought by a person in custody who is seeking . . . any relief authorized by 42 U.S.C. § 1981 et seq.) . . . including dispositive and non-dispositive motions and matters[.]" The instant action is one such case.

Local Rule 302(c)(21) does not compel a different result. It provides that "in Sacramento" a magistrate judge's duties include "all actions in which all the plaintiffs or defendants are proceeding in propria persona, including dispositive and non-dispositive motions and matters." It further provides that "[a]ctions initially assigned to a Magistrate Judge under this paragraph shall be referred back to the assigned Judge if a party appearing in propria persona is later represented by an attorney appearing in accordance with L.R. 180." L.R. 302(c)(21). The reversion back to the district judge prescribed in the second sentence is limited to actions initially assigned to the magistrate judge "*under this paragraph.*" *Id.* (emphasis added). That is, it applies to actions where the sole basis for the referral to the magistrate judge is paragraph 21. That is not the case here.

Local Rule 302(d), on the other hand, does provide that, "[n]otwithstanding any other provision of this Rule, a Judge may retain any matter otherwise routinely referred to a Magistrate Judge." However, "[a]pplications for retention of such matters, however, are looked upon with disfavor and granted only in unusual and compelling circumstances." L.R. 302(d). The Court finds no such circumstances here. Pursuant to § 636(b)(1)(B), the Court will rule on all dispositive motions in this case with the benefit of the magistrate judge's findings and recommendations.

**IV.    CONCLUSION**

For the reasons set forth above, Defendant's request is GRANTED in part and DENIED in part. Accordingly, IT IS HEREBY ORDERED that:

1.  The magistrate judge's March 16, 2017, order (ECF No. 152) is void and without effect. Defendants' motions for summary judgment (ECF Nos. 117–122) have not been dismissed. The Clerk of the Court is ordered to revise the docket accordingly.

2.  The magistrate judge's March 23, 2017 order (ECF No. 154) is void and without

7

effect.

3. Defendants' motion for summary judgment (ECF No. 161) shall be stricken as an unauthorized filing because the March 23, 2017, order purporting to authorize it is void and without effect. The Clerk of the Court is ordered to revise the docket accordingly.

4. Defendants shall file their reply to Plaintiff's opposition (ECF No. 130) within 7 days of the date this Order is filed.

IT IS SO ORDERED.

Dated: June 29, 2017

Troy L. Nunley
United States District Judge