UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRESS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. CHRISTOPHER SMITH, et al.,<br><br>　　　　　Defendants. | No. 2:13-cv-0328 TLN KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding through counsel, with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed a motion to strike defendants' reply to plaintiff's opposition to the pending motions for summary judgment. Plaintiff asks the court to strike the reply in its entirety or, in the alternative, to strike all new evidence, inadmissible evidence, and new facts, and seeks sanctions and/or attorney fees. Defendants oppose the motion.

Letter Rejecting VCGCB Claim

Specifically, plaintiff objects to paragraph 3 of defense counsel's declaration in which counsel states that on August 10, 2015, his office sent a letter to the Victim Compensation and Government Claims Board ("VCGCB") requesting copies of plaintiff's claim and related records, and defense counsel appended the records to his declaration. (ECF No. 164-2 at 2.) Plaintiff argues that despite counsel having such evidence at the time the dispositive motions were filed, counsel waited and appended the evidence to the reply. In addition, plaintiff objects that

1

defendants sought such evidence after formal discovery closed on June 7, 2015, and then failed to provide plaintiff with a copy of the documents received, in violation of mandatory discovery rules. (ECF No. 165 at 3, citing Fed. R. Civ. P. 26(a).) Plaintiff seeks sanctions or attorneys' fees for such violation.

In his opposition to the motions for summary judgment, plaintiff does not dispute the filing or rejection dates relied upon by defendants. (ECF No. 130 at 48-51.) Rather, plaintiff argues that it is defendants' burden to put forward evidence, and contends defendants put forward no evidence that plaintiff received notice from the VCGCB, evidence of the date plaintiff received such notice, or evidence identifying the date the statute would run. (ECF No. 130 at 48.) In the alternative, plaintiff argues that numerous exceptions apply, including tolling. (ECF No. 130 at 49-51.)

In their reply, defendants note that plaintiff did not expressly dispute the filing or rejection dates in his opposition, but defendants submitted the claim and rejection letter so that "there can be no dispute as to the material facts at issue." (ECF No. 164 at 13.) In opposition to the motion to strike, defendants argue that the evidence plaintiff seeks to strike is not necessary to support defendants' claim that the state law claim is untimely because defendants properly relied on the facts alleged in plaintiff's operative complaint. (ECF No. 166 at 2.) Defendants rely on Rule 801(d)(2) of the Federal Rules of Evidence, as well as Lockwood v. Wolf Corp., 629 F.2d 603, 611 (9th Cir. 1980) ("The party moving for summary judgment must offer evidence sufficient to support a finding upon every element of his claim for relief, except those elements admitted by his adversary.") Nevertheless, defendants argue that the submission of this evidence with the reply was harmless as plaintiff was clearly in possession of the documents. Thus, defendants contend the motion is without merit, should be denied, and no sanctions imposed because the failure to earlier obtain or disclose the evidence was substantially justified and harmless.

When new evidence or information is raised in a reply brief, courts have discretion to strike such new material. Tovar v. U.S. Postal Service, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) (court struck portions of a reply brief that presented new information). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use

2

that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure." Goodman v. Staples the Office Superstore, LLC, 644 F.3d 817, 827 (9th Cir. 2011), citing Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001); Fed. R. Civ. P. 37 advisory committee's note to 1993 amendment). "Two express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1)." Yeti, 259 F.3d at 1106.

Initially, the undersigned notes that defendants properly invoked their affirmative defense that plaintiff's state law claims for medical malpractice are barred by the statute of limitations. Defendants preserved the defense by pleading the affirmative defense in their answer. (ECF No. 56 at 3.) Indeed, in their motions for summary judgment, defendants argued that "plaintiff's state law claim for medical malpractice fails as a matter of law because the six month statute of limitations provided by the California Government Claims Act ran long before [plaintiff] filed this action." (ECF No. 103 at 2; 11; see also ECF No. 104 at 2; etc.) Contrary to plaintiff's argument that defendants failed to identify a date for the running of the limitations period, defendants argue that the six month limitations period began to run on August 18, 2011, the date the VCGCB rejected plaintiff's claim, and expired on February 18, 2012, yet the instant action was not filed until February 20, 2013. (See, e.g., ECF No. 103 at 11.) Plaintiff may disagree that the question of whether the malpractice claim is barred by the statute of limitations can be resolved as a matter of law. Indeed, "[t]he issue may be resolved 'as a matter of law' only if the facts are undisputed." Adams v. Paul, 11 Cal. 4th 583, 589, 46 Cal. Rptr. 2d 594 (1995). But plaintiff's disagreement with defendants' position does not preclude defendants from making such argument. In any event, whether or not defendants provided documents from the VCGCB with his reply, their affirmative defense was properly invoked, and the issue was not a "new" issue raised for the first time in defendants' reply.

////

Further, as required under California law,[1] the second amended complaint, filed on June 11, 2014, by plaintiff's counsel, states:

> 29. With the help and direction of fellow inmates and with extreme difficulty, Plaintiff presented a claim to the [VCGCB] on May 14, 2011.
>
> 30. On May 27, 2011, the VCGCB received Plaintiff's claim and assigned number G598544.
>
> 31. On August 18, 2011, the VCGCB conducted a hearing and rejected Plaintiff's claim. The VCGCB based its rejection on the fact that the issues presented by Plaintiff were "complex."

(ECF No. 53 at 4.) Thus, plaintiff affirmatively pled, as a condition precedent to the bringing of such a claim, that the VCGCB rejected plaintiff's claim on August 18, 2011. The documents appended to the reply reiterate the facts set forth in plaintiff's operative complaint.

Plaintiff's allegations demonstrate that plaintiff was in possession of the documents filed with the reply because plaintiff's counsel quotes from both letters accepting and rejecting plaintiff's claim. Because plaintiff was in possession of such information at the time he filed the second amended complaint on June 11, 2014, any failure by defense counsel to provide plaintiff's counsel with a copy of the claim and VCGCB letters requested on August 10, 2015, was harmless, and was also substantially justified because it appeared from the amended pleading that plaintiff was already in possession of such documents. In the motion to strike, plaintiff does not deny possessing the claim or either letter written by the VCGCB.

Finally, plaintiff is correct that defendants bear the burden of demonstrating that plaintiff filed the instant action beyond the applicable limitations period. However, because defendants

---

[1] California's Government Claims Act requires that a tort claim against a public entity or its employees be presented to the VCGCB no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal. 4th 1234, 1239 (Cal. 2004). In other words, to state a claim, plaintiff must allege compliance or circumstances excusing compliance. Bodde, 32 Cal. 4th at 1245. The six-month limitations period starts to run from the date the notice of rejection is "deposited in the mail." Cal. Govt. Code § 945.6(a)(1). If the claimant is not properly noticed of the rejection in writing, the limitations period for taking the action to court is two years from the accrual of the cause of action. Id. at § 945.6(a)(2).

4

were entitled to rely on the dates pled by counsel in the operative pleading, plaintiff must demonstrate there is a triable dispute of fact on the limitations issue, rebut defendants' position with competent evidence, or demonstrate that he is entitled to tolling of such deadline. See Romo v. Cate, 2:11-cv-2898 GEB DAD P (E.D. Cal. July 23, 2015) ("assumptions [of proper delivery and notice] may be rebutted with evidence to the contrary"), quoting Payan v. Aramark Management Services, L.P., 495 F.3d 1119, 1124 (9th Cir. 2007). In other words, defendants are not required to demonstrate that plaintiff received the VCGCB rejection letter, because there is a presumption that plaintiff received the letter. The presumption is rebuttable; if plaintiff contends he was not properly noticed of the written rejection, he must provide "detailed, credible, and unimpeached evidence of no actual notice." Bonzer v. City of Huntington Park, 20 Cal. App. 4th 1474, 1481 (1993).

Ordinarily, if "new" evidence or information is submitted with a reply, the court is required to provide the nonmoving party an opportunity to respond. Here, however, the operative pleading demonstrates plaintiff was in possession of the information by at least June 11, 2014. In his opposition, plaintiff did not challenge the dates relied upon by defendants, and did not argue lack of notice of the VCGCB rejection but rather argued that he is entitled to exceptions, including tolling of the limitations period. (ECF No. 130 at 49-51.) Therefore, it appears no further briefing is required. However, in an abundance of caution, plaintiff is provided an additional fourteen days in which to file a sur-reply addressing the VCGCB documents appended to the reply. The filing of such sur-reply is optional.

Thus, plaintiff's motion to strike the VCGCB documents is denied, and his request for sanctions or attorney fees in connection with the filing of these documents is also denied.[2] Plaintiff is granted fourteen days in which to file a sur-reply solely addressing the VCGCB

////

---

[2] Although plaintiff argues that the filing of such documents "forced" plaintiff to file his motion to strike, plaintiff is mistaken. If plaintiff did not have possession of the documents, he could have sought leave to file a sur-reply to further address such documents. However, as discussed above, it appears that plaintiff did have possession of these documents.

5

documents appended to defendants' reply in the context of defendants' motion to dismiss plaintiff's state law medical malpractice claim as barred by the statute of limitations.[3]

Motion to Strike Reply Brief in its Entirety

In addition to the specific complaint addressed above, plaintiff complains that defendants failed to "reply in a clear manner" to plaintiff's separate statement of facts, rendering their reply "extremely difficult to decipher as to whether defendants assert facts supported by evidence, new facts," and whose opinion is being asserted, and that the reply attempts to bolster prior arguments or reasserts arguments which is improper on reply. (ECF No. 165 at 2.) For all of these reasons, plaintiff broadly asserts that the reply should be stricken in its entirety. In the accompanying request for sanctions or attorney fees, plaintiff argues that defendants failed to comply with Rule 56 of the Federal Rules of Civil Procedure, as well as Local Rules 230 and 260, by not clearly replying to facts and evidence enumerated in plaintiff's separate statement of facts

Defendants oppose the motion, arguing that their reply brief does not raise any new issues, and that the evidence submitted with the reply is directly responsive to issues raised in plaintiff's opposition. Aside from the letter rejecting plaintiff's claim filed with the VCGCB, defendants argue that plaintiff failed to identify any new issue or arguments raised in the reply brief.

Defendants' argument is well taken. Plaintiff fails to identify specific new issues or facts, aside from the VCGCB documents, addressed separately, to support plaintiff's request to strike the entire 15 page reply brief. In addition, Local Rules 230 and 260 do not expressly require defendants to address plaintiff's enumerated separate statement of facts. Indeed, Local Rule 230 provides that the filing of a reply is optional. L.R. 230(d), (l). The undersigned found no reference to filing requirements for a reply in either Local Rule 260 or Fed. R. Civ. P. 56. The court finds plaintiff's broad assertions unsupported by facts or evidence, and therefore declines to strike the reply brief in its entirety.

////

////

---

[3] Nothing in this order should be construed as a determination of the merits of defendants' motion for summary judgment on plaintiff's state law medical malpractice claim.

6

<u>Sanctions or Fees for "Bad Faith or Sham Affidavit"</u>

Plaintiff seeks attorney fees and/or sanctions for the filing of an alleged "bad faith or sham affidavit," filed December 6, 2016, in connection with defendants' request to depose Dr. Slyter, and the delays resulting from the extension granted to file their brief after the deposition which did not occur. (ECF No. 165 at 5, citing Fed. R. Civ. P. 56(h).) Plaintiff points out that there was no mention of time to hire an expert. As a consequence, plaintiff's counsel wasted valuable time by contacting Dr. Slyter to determine availability; attempting to coordinate with defense counsel to schedule the deposition; rearranging schedules to be available within Dr. Slyter's schedule; researching the "appropriateness of the Court's order to produce Dr. Slyter;" and preparing a motion to reconsider the issue of forcing Dr. Slyter's deposition. (ECF No. 165 at 5.) Plaintiff argues that all of this work was wasted because defendants never set Dr. Slyter's deposition. Plaintiff seeks sanctions or attorneys' fees for the time spent responding to defense counsel's false representation that he was going to depose Dr. Slyter. In the closing paragraph, plaintiff

> requests the court apply sanctions and/or attorneys' fees in any manner seen fit in light of the conduct of the Defendants' and Defense Counsel. Plaintiff's counsel is open to an evidentiary hearing and an opportunity to submit briefing on sanctions under FRCP 56(h), Local Rule 110 or 28 USC 1927, if necessary upon the Court's request.

(ECF No. 165 at 6.)

Defendants oppose the motion, arguing that the court and plaintiff's counsel are aware that prior defense counsel left on unexpected medical leave on December 20, 2016. (ECF No. 166 at 4, citing ECF No. 146.) Defendants point out that prior defense counsel has since left the office and this case was assigned to new counsel. Moreover, defendants contend that there was confusion as to defendants' ability to re-file their motions, as well as the timing of the reply. (ECF No. 166 at 5, citing ECF No. 163.) Defendants argue that at no time have the defendants acted in bad faith or for the purpose of causing delay; thus, an award of sanctions is inappropriate.

Defendants do not address or explain why Dr. Slyter's deposition was not taken, or identify whether former or current counsel made the decision not to take Dr. Slyter's deposition.

7

Rule 56(h) provides:

> Affidavit or Declaration Submitted in Bad Faith. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

Fed. R. Civ. P. 56(h). "Rule 56(h) sanctions are rarely awarded. They can be imposed only when there is direct evidence of a prior inconsistent statement. Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc., 736 F.2d 656 (11th Cir. 1984)." 14-E Judge Beverly Reid O'Connell & Judge Karen L. Stevenson, Rutter Group Practice Guide Federal Civil Procedure Before Trial (2016). "Although only a party may be ordered to pay expenses under Rule 56(h), the rule makes it clear that any offending party or attorney may be held in contempt." 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2742(4th ed. 2017).

Background

In the December 6, 2016 request for extension of time, defendants sought "an extension of time up to January 31, 2017, to depose Dr. Slyter and prepare an appropriate reply to Plaintiff's opposition." (ECF No. 139 at 1.) In addition to the alleged need to depose Dr. Slyter and investigate his background and qualifications, two additional reasons were given for the extension: First, the length of plaintiff's opposition and accompanying submissions. (ECF No. 139 at 1.) Second, the unavailability of many of the defendants "over the Thanksgiving holiday and defense counsel has been unavailable because of depositions and work being performed on other cases." (ECF No. 139 at 1-2.) The request for extension of time was partially granted on December 12, 2016, and plaintiff was ordered to make Dr. Slyter available for deposition on or before January 18, 2017. Plaintiff filed a motion for reconsideration on December 13, 2016. On December 15, 2016, plaintiff's motion was denied, and the case was set for settlement conference.

On January 3, 2017, different defense counsel filed a request to continue the settlement conference because the assigned attorney "unexpectedly went on medical leave for necessary surgery . . . on December 20, 2016," based on the supervising attorney's declaration that he was

informed on December 20, 2016, that the assigned attorney "unexpectedly needed to take medical leave for necessary surgery." (ECF No. 146 at 1, 4.) At that time, they expected the assigned attorney to be out of the office until the end of January 2017. (Id.)

On March 27, 2017, plaintiff filed a motion for reconsideration of the undersigned's orders on defendants' motions for summary judgment. Plaintiff argued that defense counsel misled the court in the request for extension of time (ECF No. 155 at 4), but did not seek sanctions or attorney fees in connection with defense counsel's accompanying declaration. (ECF No. 155, *passim*.)

On June 30, 2017, the district court granted plaintiff's motion for reconsideration, and the district court declined to authorize defendants to file an amended motion for summary judgment for the primary reason that defendants had not deposed Dr. Slyter. (ECF No. 163 at 6.)

Discussion

The undersigned finds that Rule 56(h) does not apply to the December 6, 2016 declaration. The declaration filed by former defense counsel was not submitted in support of defendants' motions for summary judgment. Rather, plaintiff's declaration was filed in connection with former defense counsel's *ex parte* request for extension of time to file a reply. (ECF No. 139.) Therefore, the undersigned cannot consider the declaration as filed in support of the underlying motions for summary judgment. Thus, plaintiff's motion for sanctions or attorney fees under Rule 56(h) is denied.

As noted above, plaintiff also references Local Rule 110 and 28 U.S.C. § 1927 in the closing paragraph of his request for sanctions or fees. But such passing reference is insufficient. Plaintiff is represented by counsel, and counsel did not specifically seek sanctions or fees under 28 U.S.C. § 1927 on the issue of former defense counsel's declaration concerning Dr. Slyter's deposition.

Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to strike (ECF No. 165) is denied;

2. Plaintiff's request for sanctions or attorney fees (ECF No. 165) is denied; and

9

3. Plaintiff is granted fourteen days in which to file a sur-reply solely addressing the VCGCB documents appended to defendants' reply in the context of defendants' motion to dismiss plaintiff's state law medical malpractice claim as barred by the statute of limitations. The filing of such sur-reply is optional.

Dated: March 30, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/gres0328.mts