UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRESS, | No. 2:13-cv-0328 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| DR. CHRISTOPHER SMITH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding through counsel, with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed a request for a status conference under Local Rule 240(a), which states, in pertinent part:

> After an action has been filed, the assigned Judge or Magistrate Judge shall order the holding of one or more status conferences for the purpose of entering a pretrial scheduling order, and further status conferences may be held at any time thereafter, with or without the request of any party. See Fed. R. Civ. P. 16. . . . Such subjects may include:
>
> . . . (7) the disposition of pending motions, . . . (11) further proceedings, including setting dates for further conferences, for the completion of motions and discovery and for pretrial and trial; . . . (18) any other matters that may facilitate the just, speedy and inexpensive determination of the action.

E.D. L.R. 240(a).

////

1

In this case, discovery and scheduling orders have already issued. (See, e.g., ECF Nos. 58, 59.) Discovery is closed. The defendants filed motions for summary judgment, and their reply was filed on July 7, 2017. The deadline for filing a sur-reply expired on April 13, 2018. Defendants' motions are fully briefed and submitted for decision.

Therefore, a status conference will not facilitate the court in ruling on the twelve defendants' pending motions, but rather usurp limited judicial resources. It is premature to set dates for pretrial and trial because the outcome of these dispositive motions has not yet been determined. Once the undersigned issues findings and recommendations, and the district court addresses them, a further scheduling order will issue, as appropriate.

In addition, plaintiff's declarations filed in support of his opposition are not signed by plaintiff as required under Rule 11(a) of the Federal Rules of Civil Procedure. (ECF Nos. 132-3 and 133.) It may be that plaintiff's counsel retained the signed original declarations. Local Rule 131(f). If so, counsel need only file a replacement signature page with the appropriate /s/ and plaintiff's name as required. Id. If not, counsel is granted seven days in which to re-submit declarations bearing plaintiff's signature.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for status conference (ECF No. 168) is denied; and

2. Within seven days, plaintiff shall rectify the missing signatures on plaintiff's declarations.

Dated: October 1, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/gres0328.240